24913. PATE *et al. v.* FITTS.

STEPHENS, J. 1. On the trial of a suit against two defendants, where the plaintiff, a physician, sought to recover for the breach of an alleged contract by which the defendants had agreed to pay for medical services which had been rendered to another person by the plaintiff, where it appeared from the evidence that a person other than the defendants had at first agreed with the plaintiff to pay for medical services to be furnished by the plaintiff to the patient, and that after the plaintiff had rendered medical services to the patient the defendants promised the plaintiff to pay for the medical services which the plaintiff would render to the patient, the evidence did not demand the inference that the original obligor had contracted to pay for any medical services other than those which had actually been furnished; and it does not appear as a matter of law that the obligation of the defendants to pay the plaintiff for medical services to be subsequently furnished by the plaintiff to the patient was an obligation to pay for a debt, default, or miscarriage of another, and that the contract was unenforceable under

776

the statute of frauds because it was not in writing. The evidence authorized the inference that the defendants had agreed to pay for the medical services to be afterward furnished by the plaintiff to the patient, and the verdict for the plaintiff in a sum representing the amount of such services was authorized.

2. The court did not err in submitting to the jury the issue whether the obligation of the defendants, which was not in writing, was an original undertaking.

3. Whether or not the plaintiff and the defendants were by the contract substituted for the original debtor, and the original debtor was thereby released from any obligation to pay for subsequently furnished medical services to the patient, the charge of the court, wherein it submitted as an issue that the defendants had been substituted for the original debtor, was not harmful.

4. The evidence authorized the verdict for the plaintiff against both defendants, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*